UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQ NORTHEAST, INC.,

        Plaintiff,

v.                                       Case No. 06-C-0220

FIRST AMERICAN ENGINEERED
SOLUTIONS, L.L.C. and GERALD MORRIS,

        Defendants.

**ORDER**

      Plaintiff EQ Northeast, Inc., alleges that Defendants First American Engineered Solutions, L.L.C., and Gerald Morris misappropriated money in which EQ possesses a legal and an equitable interest. EQ sued First American and Morris for breach of contract and unjust enrichment, and sought in addition an accounting, the imposition of a constructive trust, and a holding that defendants were estopped from denying EQ's entitlement to the funds at issue. On February 22, 2006, the court entered a temporary restraining order prohibiting defendants from disposing of payments received by First American from (i) Jacobs Remediation Technologies, Inc., with respect to services, labor and/or materials provided by EQ at the New Bedford Harbor Superfund Site in New Bedford, Massachusetts, and (ii) Shaw Environmental, Inc., with respect to services, labor and/or materials provided by EQ at the Maywood FUSRAP Site in and around Maywood, New Jersey (collectively, the "Misappropriated EQ Subcontractor Funds"). The court converted the

temporary restraining order to a preliminary injunction on March 1, 2006, after a hearing at which defendants elected not to appear.

EQ has now moved for leave to take limited discovery on an expedited basis in hopes of locating the money to which it asserts entitlement. *See* Fed. R. Civ. P. 26(d). Specifically, EQ asks for leave to issue subpoenas to financial institutions at which the defendants are believed to maintain accounts for account statements, checks and deposit tickets covering the last twelve months. Plaintiff also wishes to serve Defendant First American Rule 34 requests for production of documents relating to the receipt, disposition, transfer and present location of funds paid in connection with the Jacobs and Shaw Contracts described in the complaint. *See* Fed. R. Civ. P. 34. Finally, plaintiff seeks leave, upon ten days' prior notice, to depose Defendant Morris concerning the whereabouts of the money at issue. It may also be necessary to depose employees of First American concerning such matters.

The court finds that such expedited discovery is necessary and appropriate to protect the interest of the plaintiff under the circumstances of this case. Accordingly, plaintiff's oral motion for leave to take expedited discovery is **GRANTED** and all of the above-described discovery shall be allowed.

**SO ORDERED.**

Dated this   1st   day of March, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2