UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQ NORTHEAST, INC.,

        Plaintiff,

v.                                                                                  Case No. 06-C-220

FIRST AMERICAN ENGINEERED
SOLUTIONS, L.L.C. and GERALD MORRIS,

        Defendants.

**PRELIMINARY INJUNCTION**

      On February 22, 2006, the court issued a temporary restraining order in the above matter and scheduled a hearing on the plaintiff's motion for a Preliminary injunction for March 1, 2006. Plaintiff was unable to personally serve defendant Gerald Morris before the hearing but defendant First American was served. Neither defendant appeared. Given the relationship between the defendants, the court infers that defendant Morris had actual notice of the temporary restraining order and the scheduled hearing. In any event, in the absence of any evidence or argument to the contrary, the court now reaffirms its previous findings in this matter and converts the temporary restraining order into a preliminary injunction. More specifically, the court hereby finds based on the entire record in this matter that EQ Northeast, Inc. ("EQ") has demonstrated that:

      1.     A preliminary injunction is necessary to preserve the *status quo* and to prevent irreparable harm to EQ during the pendency of this action.

      2.     There is a substantial likelihood that EQ will succeed on the merits of the claims stated in the complaint. EQ has made a substantial showing that First American ("First American")

and Gerald Morris ("Morris") (collectively "Defendants") have misappropriated, diverted and/or concealed the Misappropriated EQ Subcontractor Funds, in which EQ possesses a legal and an equitable interest. Defendants have acknowledged such interest, but have refused to relinquish possession and control of the Misappropriated EQ Subcontractor Funds without legal justification or basis. As a result, EQ has a substantial likelihood of establishing breaches by Defendants of their contracts with EQ, for which EQ has no adequate remedy at law, and that EQ is entitled to the imposition of a constructive trust over the Misappropriated EQ Subcontractor Funds and other equitable relief.

3.     Absent entry of a preliminary injunction, EQ will suffer irreparable injury for which it has no adequate remedy at law. Defendants have misappropriated, diverted and/or concealed, and will continue to misappropriate, divert and/or conceal the Misappropriated EQ Subcontractor Funds in which EQ has a present security (and, therefore, legal) interest as well as an equitable ownership interest. Moreover, the facts set forth in the Franklin Declaration strongly suggest that First American is insolvent or on the brink of insolvency. Continued misappropriation, diversion and concealment of Misappropriated EQ Subcontractor Funds, notwithstanding EQ's acknowledged equitable interest therein, will preclude the court from granting meaningful relief on EQ's claims for imposition of a constructive trust, unjust enrichment, promissory estoppel, and for an accounting. Absent the relief requested herein, any judgment entered on EQ's claims would be illusory and meaningless.

4.     The balance of the equities favors the issuance of a preliminary injunction. EQ has made a substantial showing that Defendants have no right to continued possession and control of the Misappropriated EQ Subcontractor Funds and, as a result, will not suffer any cognizable legal

injury if the court enjoins them from transferring, dissipating or concealing such funds.  In contrast, the misappropriation, diversion and concealment of the Misappropriated EQ Subcontractor Funds has caused, and continues to cause, severe financial injury to EQ, which has been deprived of some $1.5 million, which has negatively affected EQ's cash flow and threatens its business activities.

5. Issuance of a preliminary injunction is in the public interest, as the Misappropriated EQ Subcontractor Funds represent monies paid from the public fisc pursuant to environmental remediation contracts with the United States government.  The public has a strong interest in ensuring that such funds are properly paid to EQ and are not misappropriated, diverted or concealed.

**IT IS THEREFORE ORDERED** that First American Engineered Solutions, L.L.C., Gerald Morris and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, shall be, and hereby are, enjoined and prohibited from disposing of, transferring, dissipating, converting, concealing, encumbering or otherwise using for any purpose any and all cash or cash equivalents, or any process thereof, received by First American as payment from (i) Jacobs Remediation Technologies, Inc. with respect to services, labor and/or materials provided by EQ at the New Bedford Harbor Superfund Site in New Bedford, Massachusetts, and (ii) Shaw Environmental, Inc. with respect to services, labor and/or materials provided by EQ at the Maywood FUSRAP Site in and around Maywood, New Jersey (collectively, the "Misappropriated EQ Subcontractor Funds").

**IT IS FURTHER ORDERED** that EQ is directed to serve a copy of this preliminary injunction on both defendants and said defendants shall immediately request a further hearing on plaintiff's request for such relief if they oppose it.  Upon such request by either defendant, the court will schedule a hearing on this matter and provide defendants with a full opportunity to challenge

3

the facts and argument presented by the plaintiff in support of its motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that security already posted by EQ in the amount of Ten Thousand Dollars ($10,000.00) is sufficient to continue the relief granted hereunder.

Dated this   1st   day of March, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge